UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| JEROME CURRY,<br>                    Plaintiff,<br>              v.<br><br>MARK L. BRADT, Superintendent of<br>Attica Correctional Facility,<br><br>WILLIAM HUGHES, Deputy Superintendent of<br>Attica Correctional Facility,<br>                    Defendants. | **REPORT**<br>**and**<br>**RECOMMENDATION**<br><br>13-CV-00355A(F) |

_____

APPEARANCES:           JEROME CURRY, *Pro Se*
                       98-A-6098
                       Clinton Correctional Facility
                       Box 2001

                       ERIC T. SCHNEIDERMAN
                       ATTORNEY GENERAL, STATE OF NEW YORK
                       Attorney for Defendant
                       KIM S. MURPHY
                       Assistant Attorney General, of Counsel
                       Main Place Tower
                       Suite 300A
                       350 Main Street
                       Buffalo, NY 14202


## **JURISDICTION**

This action was referred to the undersigned by Honorable Richard J. Arcara on August 22, 2013 (Doc. No. 11), for all pretrial matters. The matter is presently before the court on Plaintiff's motion for a preliminary injunction and temporary restraining order (Doc. No. 21), filed February 7, 2014.

**BACKGROUND**

Plaintiff Jerome Curry ("Plaintiff"), proceeding *pro se*, commenced this civil rights action pursuant to 42 U.S.C. § 1983 ("§ 1983") on April 9, 2013, while incarcerated at Attica Correctional Facility ("Attica") in Attica, New York, alleging Defendants, employees of New York State Department of Corrections and Community Supervision ("DOCCS"), violated his rights under the First Amendment while at Attica by infringing Plaintiff's right to freely exercise his religion by depriving Plaintiff of the opportunity to fast during the month of Ramadan.

On January 29, 2014, Plaintiff filed an amended complaint ("Amended Complaint") (Doc. No. 20), adding a claim against Defendants for violating the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and for retaliating against Plaintiff for filing this action. Amended Complaint ¶ 1. Plaintiff also added an Eighth Amendment claim, alleging that Defendants subjected Plaintiff to cruel and unusual punishment when Defendants provided Plaintiff with one, instead of the customary two, hot meals during the month of Ramadan. Amended Complaint ¶¶ 1, 19.

Plaintiff filed a motion for a preliminary injunction and temporary restraining order ("TRO") on February 7, 2014, seeking to prevent Defendants from denying Plaintiff during the month of Ramadan one of the two hot meals per day otherwise given to inmates, and from retaliating against Plaintiff for filing the instant action ("Plaintiff's Motion") (Doc. No. 21). Plaintiff's Motion is supported by the Declaration of Jerome Curry ("Plaintiff's Declaration"). On March 20, 2014, Defendants filed Defendants' memorandum in opposition to Plaintiff's Motion ("Defendants' Memorandum") (Doc. No. 25), and the Declaration of Stewart Eckert ("Eckert Declaration") (Doc. No. 26), attaching Exhibit A ("Eckert Exh. A"). On April 17, 2014, Plaintiff

filed a reply memorandum ("Plaintiff's Reply") (Doc. No. 29).  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion should be DENIED.

## **FACTS**[1]

Plaintiff, a practicing Muslim, was an inmate at Attica from 2007 until 2014.  Plaintiff's Declaration at 1.  As part of his faith, Plaintiff observes the Muslim holy month of Ramadan, during which Plaintiff fasts from sunrise to sunset.  Plaintiff's Motion ¶ 3.

When religious celebrations involve meals, the religious and nutritional administrators at Attica work together to develop and implement a policy to accommodate observant inmates, in this case Plaintiff and other Muslim inmates at Attica during Ramadan.  Eckert Declaration ¶ 4.  According to Defendants' policy relevant to this motion, each inmate observing Ramadan receives one hot meal each day, served in the messhall after sunset, and one package of food to take back to their cells to consume before sunrise, to allow observant inmates to partake in the Ramadan fast.  *Id.* ¶¶ 7-9.  Plaintiff alleges he is a practicing Muslim who sought to observe Ramadan by fasting in accordance with Islamic religious requirements.  *See* Amended Complaint ¶¶ 3-4.  As part of their policy, Defendants generate a special menu outlining the composition of each meal observant inmates are to receive each day during Ramadan.  *Id.* at 8-21.  Alternatively, Plaintiff and other Muslim inmates can elect to receive the customary meal schedule for the general inmate population, which includes two hot meals and one cold meal each day.  *Id.* ¶ 6.

Plaintiff's motion, in response to Defendants' implementation of this policy during the month of Ramadan in 2012, asserts that Defendants' policy of providing observant Muslim inmates with one hot meal, instead of the customary two hot meals, during Ramadan violated

---
[1] Taken from the pleadings and motion papers filed in this action.

Plaintiff's freedom under the First Amendment to practice his religion.  Plaintiff's Motion ¶¶ 2-3.  Plaintiff alleges that he will suffer immediate and irreparable health risks as a result of Defendants' policy if the court does not grant Plaintiff's Motion, Plaintiff's Declaration at 1, and that Defendants' subjecting Plaintiff to such health risks constitutes cruel and unusual punishment in violation of the Eighth Amendment, Plaintiff's Motion ¶¶ 3, 7.  Further, Plaintiff alleges his due process rights were violated when Defendants denied Plaintiff one of the two daily hot meals otherwise provided to inmates.  *Id.* ¶ 3.  Finally, Plaintiff alleges Defendants' failure to provide Plaintiff with one of the two hot meals otherwise provided to inmates triggers the Equal Protection Clause because Plaintiff's First Amendment right to free exercise of his religion is a fundamental right.  *Id.* ¶ 6.

Following Plaintiff's filing of the instant action against Defendants, Plaintiff alleges Defendants learned about the lawsuit and took retaliatory action against Plaintiff.  Specifically, Plaintiff alleges Defendants opened a letter Plaintiff received from this court in relation to this action.  *Id.* at 1-2.  Plaintiff further alleges Defendants learned about the present action by opening this letter, and that shortly after opening the letter, Plaintiff was issued a misbehavior report for drug use, even though Plaintiff disclaimed drug use during that time.  *Id.* at 2.  Plaintiff alleges he will suffer irreparable injury from continuing retaliatory action by Defendants if the court does not grant the instant motion.  *Id.*

As noted in a docket entry dated March 28, 2014, Plaintiff was transferred from Attica to Southport Correctional Facility ("Southport") in March 2014.  As noted in a second docket entry dated June 11, 2014, Plaintiff was transferred from Southport to Clinton Correctional Facility ("Clinton") in June 2014.

## **DISCUSSION**

Plaintiff seeks injunctive relief prohibiting Defendants from depriving Plaintiff during the month of Ramadan of one of the two hot meals provided to all state inmates. Plaintiff's Motion ¶ 2. Plaintiff also seeks injunctive relief prohibiting Defendants' future retaliation, in the form of disciplinary sanctions, against Plaintiff for filing this action. Plaintiff's Motion ¶ 4. In opposition to Plaintiff's motion, Defendants assert Plaintiff cannot meet his burden of showing Plaintiff will suffer irreparable harm if injunctive relief is denied because Plaintiff's Motion is moot, Defendants' Memorandum at 4, 8, and Plaintiff cannot meet his burden of showing Plaintiff is likely to succeed on the merits of Plaintiff's First Amendment, RLUIPA, and retaliation claims, *id.* at 4, 9. Further, Defendants assert Plaintiff cannot demonstrate likelihood of success on the merits of his Eighth Amendment claim because the undisputed facts show observant Muslim inmates do not suffer from deprivation of food or nutrients when on the alternative Ramadan diet. *Id.* at 10-11. Defendants also assert that Plaintiff cannot move for a preliminary injunction on his retaliation claim because Plaintiff did not establish a relationship between the alleged retaliation and the conduct that gave rise to the Amended Complaint. *Id.* at 2. In further support of his motion, Plaintiff asserts his requests for injunctive relief should be granted because he established a clear relationship between the the alleged retaliation and the injury claimed in the Amended Complaint, Plaintiff's Reply at 3, because Plaintiff suffered and continues to suffer irreparable harm from Defendants' retaliation, *id.* at 6, and because Plaintiff showed substantial likelihood of succeeding on the merits of his First Amendment, RLUIPA, and retaliation claims, *id.* at 8-9.

The standard for entry of a TRO is the same as for a preliminary injunction, *Blast v. Fischer*, 2007 WL 2815754, at *1, *2 (W.D.N.Y. Sept. 20, 2007) ("The standard for a temporary

5

restraining order in this Circuit is the same as for a preliminary injunction."),  requiring Plaintiff demonstrate:

> (1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor.

*MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (quoting *Merkos L'Inyonei Church, Inc. v. Otsar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 96 (2d Cir. 2002)) (internal quotation marks omitted).

**1. Irreparable Harm**

To demonstrate irreparable harm in the absence of an injunction, a plaintiff must show the injury is actual and imminent, and not remote or speculative.  *Smolen v. Dildine*, 2011 WL 6030112, at *1, *2 (W.D.N.Y. Dec. 5, 2011) (quoting *Forest City Daly Housing, Inc. v. Town of North Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999)).  Before a court will grant injunctive relief, a plaintiff must demonstrate that, absent the preliminary injunction, the plaintiff "is likely to suffer irreparable harm before a decision on the merits can be rendered."  *Bell & Howell: Mamiya Co. v. Masel Supply Co.*, 719 F.2d 42, 45 (2d Cir. 1983).

Although not an issue when Plaintiff filed this action while housed at Attica, a plaintiff's request for preliminary injunctive relief "may become moot if the underlying factual circumstances have changed in the movant's favor."  *Murray v. New York*, 604 F. Supp. 2d 581, 584 (W.D.N.Y. 2009); see also *McPherson v. Coombe*, 992 F. Supp. 229, 232 (W.D.N.Y. 1997) (denying plaintiff's request for preliminary injunctive relief as moot because "[plaintiff], who is now incarcerated at another facility, is not in imminent danger of irreparable harm from conditions that may exist at [his prior facility]").  With respect to irreparable injury, under this mootness principle, a court may deny injunctive relief if circumstances changed, causing "the

6

threatened harm [to] dissipate[ ], or cease[ ] to be 'actual and imminent.'" *Murray*, 604 F. Supp 2d. at 584. In the instant case, as discussed below, Plaintiff cannot demonstrate irreparable injury in the absence of preliminary injunctive relief preventing Defendants from denying Plaintiff during Ramadan one of the two hot meals per day he otherwise is allowed, and from retaliating against Plaintiff for filing this action against Defendants.

### A. Denial of Hot Meal

Plaintiff requests preliminary injunctive relief preventing Defendants from denying him during the month of Ramadan one of the two daily hot meals otherwise provided to Plaintiff. Plaintiff's Motion ¶ 2. As discussed, Discussion, *supra*, at 5, Defendants argue Plaintiff cannot show irreparable harm or likelihood of success on the merits of the First Amendment claim underlying Plaintiff's request for preliminary injunctive relief. Plaintiff asserts he will suffer irreparable harm absent preliminary injunctive relief because Defendants would continue to enforce an allegedly unconstitutional policy that affects "[Plaintiff] and many other Muslim inmates . . . at Attica." Plaintiff's Declaration at 1. Since Plaintiff moved for preliminary injunctive relief, however, Plaintiff was transferred to different correctional facilities: first from Attica to Southport, and then from Southport to Clinton, where Plaintiff currently resides. Because Plaintiff no longer resides at Attica, the underlying factual circumstances changed in Plaintiff's favor, the threat of injury to Plaintiff from Defendants' policy dissipated to the point of being non-existent, and Plaintiff no longer can demonstrate irreparable injury absent the requested preliminary injunctive relief.

Plaintiff's motion for preliminary injunctive relief preventing Defendants from denying him during Ramadan one of the two daily hot meals otherwise served therefore should be

DENIED because Plaintiff's transfer renders Plaintiff unable to establish irreparable harm absent the requested injunctive relief.

### B. Retaliation

Plaintiff also requests preliminary injunctive relief preventing Defendants from retaliating against Plaintiff for filing this action. Plaintiff's Motion ¶ 4. As discussed, Discussion, *supra*, at 5, Defendants argue Plaintiff cannot move for preliminary injunctive relief regarding alleged retaliation because Plaintiff did not establish a relationship between the alleged retaliation and the conduct that gave rise to the Amended Complaint sufficient to support the requested preliminary injunctive relief. Defendants' Memorandum at 2. Defendants specifically assert Plaintiff cannot prevail on his request for relief in the instant action because Plaintiff has not sufficiently alleged facts of Defendants' retaliation in the Amended Complaint, on which the instant motion is based. *Id.* at 2-3.

Although Plaintiff alleges retaliatory action by Defendants in the Amended Complaint, those allegations refer to actions by Defendants in response to events unrelated to, and preceding, Plaintiff's filing of the instant action. Amended Complaint ¶ 17 (alleging the Imam's car was vandalized "in apparent retaliation for complaining and requesting that officers be ordered to discontinue [depriving Muslim inmates of one of two hot meals]"), ¶ 18 (asserting "further retaliation [for complaining about deprivation of a hot meal]," against a Muslim inmate, "who . . . was singled out and targeted by officers because of his religion."). Defendants correctly point out that the retaliatory action Plaintiff alleges in the instant motion is unrelated to the retaliation Plaintiff alleged in the Amended Complaint. *Candelaria v. Baker*, 2006 WL 618576, at *1, *3 (W.D.N.Y. Mar. 10, 2006) (quoting *McKinnon v. Tresman*, 2004 WL 78091, at *1, *1 (D. Conn. Jan. 9, 2004) ("To prevail on a motion for preliminary injunctive relief, the

moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint."). Therefore, Plaintiff cannot move for preliminary injunctive relief to prevent retaliation in this action.

Alternatively, Defendants argue Plaintiff cannot demonstrate irreparable harm because Defendants have since retired from Attica. Defendants' Memorandum at 4. Plaintiff asserts injunctive relief is necessary to prevent "[D]efendants, their successors in office, agents and employees" from taking retaliatory actions against Plaintiff for filing the current and a prior civil action "here in Attica." Plaintiff's Declaration at 1. Plaintiff does not dispute this statement. For the reasons stated above, Discussion, *supra*, at 7, because Plaintiff no longer resides at Attica, the threat of injury to Plaintiff from retaliation has dissipated to the point of being non-existent, and Plaintiff provides no information to support a contrary conclusion. Thus, Plaintiff cannot demonstrate irreparable injury absent preliminary injunctive relief.

Plaintiff's motion for preliminary injunctive relief preventing Defendants from retaliating against Plaintiff for filing this action therefore should be DENIED. Alternatively, because Plaintiff's motion seeking injunctive relief is before the undersigned for a report and recommendation, the likelihood of Plaintiff's success on the merits of the relevant claims also is addressed.

### 2. Likelihood of Success on the Merits

In addition to showing irreparable harm, a plaintiff seeking a preliminary injunction and TRO must demonstrate a likelihood of success on the merits of the claims brought. *See MyWebGrocer,* 375 F.3d at 192.

### A. Denial of Hot Meal

Plaintiff alleges that Defendants denied him during the month of Ramadan one of the two daily hot meals to which he was otherwise entitled, in violation of Plaintiff's right to practice his religion under the Free Exercise Clause of the First Amendment and RLUIPA, and in violation of the Eighth Amendment's protection from cruel and unusual punishment.  Amended Complaint ¶ 1.  Defendants argue Plaintiff failed to show substantial likelihood of success on Plaintiff's First Amendment claim because Plaintiff did not allege how his religious interests were infringed or that his interest in the free exercise of his religion outweighs Defendants' interest in administering the penal system, Defendants' Memorandum at 9-10, and Plaintiff failed to show likelihood of success on the merits of Plaintiff's RLUIPA claim because Plaintiff did not allege how Defendants' policy burdened Plaintiff's religious exercise, *id.* at 10.  Defendants further argue Plaintiff failed to demonstrate likelihood of success on the merits of his Eighth Amendment claim because Plaintiff did not dispute the nutritional value of the alternative Ramadan menu.  *Id.* at 11.  More specifically, Plaintiff failed to demonstrate how Defendants' alternative Ramadan meal options, if elected by Plaintiff, could conceivably violate fundamental tenets of Islam, or, for that matter, how either such meal option could present a serious health risk to Plaintiff.

### i.     First Amendment

Courts have recognized that "convicted prisoners do not forfeit all constitutional protections by reason of their confinement in prison."  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (quoting *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).  Inmates' retained constitutional protections include the First Amendment's Free Exercise Clause.  *Id.* ("Inmates clearly retain protections afforded by the First Amendment, including its directive that no law

shall prohibit the free exercise of religion.") (citations omitted).  Constitutional protections afforded to inmates must be balanced against the interests of prison officials charged with complex duties that arise from administering the prison system, *Benjamin v. Coughlin*, 905 F.2d 571, 574 (2d Cir. 1990), and a prison regulation that affects inmates' constitutional rights is valid if "reasonably related to legitimate penological interests." *O'Lone*, 482 U.S. at 349 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).  Before a court can balance the inmate and the prison administrators' interests, however, an inmate plaintiff must allege how the conduct infringes his freedom to exercise his religion.  *Candelaria v. Coughlin*, 787 F. Supp. 368, 376-77 (S.D.N.Y. 1992).

Here, Plaintiff alleges Defendants' policy of providing Muslim inmates with one hot meal per day, instead of two, during the month of Ramadan violates Plaintiff's First Amendment rights, but Plaintiff does not demonstrate how Defendants' policy infringes Plaintiff's right to exercise his religion.  Defendants argue the chosen policy of providing Muslim inmates with breakfast in their cells to consume before sunrise and a hot meal in the evening after sunset was approved by Attica's nutritional and religious administrations to ensure the policy fulfills all nutrition and relgious requirements.  Eckert Declaration ¶¶ 4, 7, 9; *see also* Eckert Exh. A at 8-21.

Plaintiff challenges neither the accuracy of Defendants' policy as explained by Eckert, nor the accuracy of Defendants' Ramadan menu, nor the nutritional value of Defendants' Ramadan menu.  Plaintiff does not point to any Islamic teaching, law, or rule indicating the requirement of two hot meals per day in observance of Ramadan to allege how Defendants' policy infringed Plaintiff's exercise of Islam.  Rather, Plaintiff offers only conclusory statements that Defendants' Ramadan policy and menu violated Plaintiff's ability to observe Ramadan as

required by the tenets of Islam.  Because Plaintiff does not allege or explain how the Ramadan menu and policy offered by Defendants burdened Plaintiff's freedom to exercise his religion, Plaintiff has not demonstrated a likelihood of sucess on the merits of his First Amendment claim.

      **ii.**      **RLUIPA**

The RLUIPA provides a similar protection of the freedom to practice religion, geared specifically toward inmates and other institutionalized persons.  Under the RLUIPA, the government may not impose a substantial burden on the religious exercise of a person confined to an institution, unless the imposed burden furthers a compelling government interest through the least restrictive means possible.  *Cutter v. Wilkinson*, 544 U.S. 709, 712 (2005) (citing RLUIPA, 42 U.S.C. § 2000cc-1(a)(1)-(2) (2006)).  Thus, when asserting a violation of First Amendment rights, a plaintiff must allege a substantial burden on his ability to freely exercise his religion before a court can balance the plaintiff and defendant's competing interests.  *Id.* at 722-23.

As discussed, Discussion, *supra*, at 11-12, here, Plaintiff offers only conclusory statements that Defendants' Ramadan menu and policy violated Plaintiff's freedom to observe Ramadan in a manner consistent with his religious beliefs.  Absent a showing of how Defendants impeded Plaintiff's ability to observe Ramadan by offering Plaintiff one hot meal during Ramadan, Plaintiff has not demonstrated a substantial burden on his ability to observe Ramadan or freely practice Islam.  Therefore, Plaintiff has not shown a likelihood of success on the merits of his RLUIPA claim.

### iii.  Eighth Amendment

Prison inmates may challenge the conditions of their confinement under the Eighth Amendment.  *See Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013).  To state an Eighth Amendment claim, an inmate must "allege that: (1) objectively, the deprivation the inmate suffered was sufficiently serious that he was denied the minimum civilized measure of life's necessities; and (2) subjectively, the defendant acted with such a sufficiently culpable state of mind, such as deliberate indifference to the inmate's health or safety."  *Id.*  An allegation of deprivation of nutritionally adequate food may support an Eighth Amendment claim.  *See Beckford v. Portuondo*, 151 F. Supp.2d 204, 213 (N.D.N.Y. 2001).  In such a claim, the objective prong of the Eighth Amendment may be satisfied if defendants do not meet their burden of showing the meal served is nutritionally adequate.  *Id.*  The subjective prong of the Eighth Amendment may be satisfied if a dietary restriction is imposed as a malicious attempt to cause the plaintiff harm.  *Id.*

Here, Plaintiff fails to satisfy both the objective and subjective prongs required for establishment of an Eighth Amendment claim sufficient to support Plaintiff's request for preliminary injunctive relief.  First, Plaintiff has failed to demonstrate, as is his burden, Defendants' provision of the two meals, one hot and one cold, during the month of Ramadan was not sufficiently serious to deny Plaintiff of necessary sustenance and nutrition.  Defendants developed the alternative Ramadan menu challenged by Plaintiff in collaboration with nutritional administrators at Attica.  Eckert Declaration ¶ 4.  Although Plaintiff alleges he needed the second hot meal he did not receive to make up for calories lost while fasting, Plaintiff does not challenge the nutritional adequacy of the two meals he received during Ramadan in accordance with Defendants' alternative Ramadan menu.  Plaintiff's Motion ¶ 3.

Second, Defendants did not act with deliberate indifference to Plaintiff's health when Defendants provided Plaintiff with two, including one hot, daily meals pursuant to the alternative Ramadan menu chosen by Plaintiff.  In fact, Defendants worked with religious and nutrition administrators at Attica to develop an alternative menu to accommodate Plaintiff and other Muslim inmates' religious and nutritional needs during the holy month of Ramadan.  Eckert Declaration ¶ 4.  Plaintiff does not contend otherwise.  Therefore, Plaintiff has not demonstrated a likelihood of success on the merits of his Eighth Amendment claim.

### iv.    Due Process

In Plaintiff's Motion, Plaintiff alleges his due process rights were violated when Defendants denied Plaintiff one of the two daily hot meals otherwise allowed to inmates.  Plaintiff's Motion ¶ 3.  However, Plaintiff does not offer further argument or allege additional facts in support of his claim that Defendants violated Plaintiff's due process rights.  Further, Plaintiff did not allege a due process violation in the Amended Complaint, so, as discussed, Discussion, *infra*, at 16, Plaintiff has not established a causal connection between facts alleged in the Amended Complaint and the instant motion.  Therefore, Plaintiff has not demonstrated a likelihood of success on a due process claim sufficient to support his request for preliminary injunctive relief.

### v.    Equal Protection

In Plaintiff's Motion, Plaintiff alleges Defendants' failure to provide Plaintiff with one of the two hot meals otherwise provided to inmates triggers the Equal Protection Clause because Plaintiff's First Amendment right to free exercise of his religion is a fundamental right.  Plaintiff's Motion ¶ 6.  Plaintiff offers no further argument and alleges no additional facts in support of an equal protection claim.  Also, because Plaintiff failed to allege an equal

protection claim in the Amended Complaint, as discussed *infra*, at 16, Plaintiff failed to establish a causal connection between his allegations in the Amended Complaint and the allegations in Plaintiff's Motion.  Moreover, to the extent Plaintiff asserts Defendants have subjected Plaintiff to discriminatory treatment, it is one that Plaintiff created by his election to receive the Ramadan meals available at Attica.  Therefore, Plainitff has not shown a likelihood of success on the merits of an equal protection claim.

Plaintiff's motion for preliminary injunctive relief preventing Defendants from denying him during Ramdan one of the two daily hot meals otherwise served therefore should be DENIED.

### B. Retaliation

Plaintiff alleges Defendants retaliated against Plaintiff for filing the instant action in the form of disciplinary sanctions to initimidate and discourage Plaintiff from proceeding with the action.  Plaintiff's Motion ¶ 4.  Defendants allege that Plaintiff's "vague and conclusory" allegations do not amount to an actionable retaliation claim, and that Plaintiff failed to connect the alleged disciplinary sanctions with the facts underlying the Amended Complaint.  Defendants' Memorandum at 5.

To sufficiently allege a retaliation claim under § 1983, a plaintiff must advance non-conclusory allegations establishing: (1) the conduct at issue was protected; (2) the defendant retaliated against the plaintiff; and (3) a causal connection between the protected conduct and the adverse action.  *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001).  In addition, courts should approach retaliation claims made by prison inmates with particular care because retaliation claims involve questions of intent, which are easily fabricated, and because retaliation claims carry a substantial risk of unnecessary judicial intrusion into prison

administration.  *Id.* at 491 ("Given that [adverse action] is an ever-present concomitant of prison life, the opportunities to characterize its manifestations as actionable retaliation are far greater than that for society at large.").

First, Plaintiff's retaliation claim arises from Plaintiff's right to freely exercise his religion, conduct protected by the First Amendment.  *O'Lone*, 482 U.S. at 348 ("Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion.") (citations omitted).  As stated, Discussion, *supra*, at 10-11, prison inmates retain First Amendment protection of the free exercise of religion.  Thus, Plaintiff has established that the conduct at issue was protected.

Second, Plaintiff argues Defendants retaliated against Plaintiff for filing the instant action.  In support of this assertion, Plaintiff alleges his mail related to the instant action was opened prior to Plaintiff receiving the mail, Plaintiff's Declaration at 1-2, and that Plaintiff was issued a misbehavior report for drug use days after receiving the opened mail, even though Plaintiff disclaims drug use during that time, *id.* at 2.  Thus, Plaintiff sufficiently alleges that Defendants retaliated against Plaintiff.

Third, although Plaintiff satisfies the first two requirements for establishing a retaliation claim, Plaintiff fails to establish a causal connection between Plaintiff's exercise of his religion and Defendant's alleged retaliatory action.  *See Dawes*, 239 F.3d at 492.  The protected conduct from which the retaliation claim arises is an alleged violation of Plaintiff's right to his free exercise of religion.  Plaintiff asserts that Defendants' alleged retaliatory action, however, was motivated by Plaintiff filing the instant action.  Thus, Plaintiff has not established a sufficient connection or causal relationship between the protected conduct and the alleged retaliatory action, and therefore Plaintiff cannot show likelihood of success on Plaintiff's

retaliation claim. Plaintiff's motion for preliminary injunctive relief preventing Defendants from retaliating against Plaintiff for filing this action therefore should be DENIED.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 21) seeking a preliminary injunction and TRO should be DENIED.

Respectfully submitted,

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    December 2, 2014
              Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   December 2, 2014
         Buffalo, New York