UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEROME CURRY,

Plaintiff,

v.

MARK L. BRADT, Superintendent of Attica Correctional Facility, and WILLIAM HUGHES, Deputy Superintendent of Security of Attica,

Defendants.

---

DECISION
and
ORDER

13-CV-00355F
(consent)

APPEARANCES:

JEROME CURRY, *Pro Se*
98-A-6098
Green Haven Correctional Facility
Box 4000
Stormville, New York 12582-0010

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL, STATE OF NEW YORK
Attorney for Defendants
KIM S. MURPHY
Assistant Attorney General, of Counsel
350 Main Street
Suite 300A
Buffalo, New York 14202

## JURISDICTION

On March 3, 2015, the parties to this action consented pursuant to 28 U.S.C. § 636(c)(1), to proceed before the undersigned. The matter is presently before the court on Defendants' motion for summary judgment (Doc. No. 30), filed September 30, 2014.

**BACKGROUND and FACTS**[1]

Plaintiff Jerome Curry ("Plaintiff" or "Curry"), proceeding *pro se*, commenced this action on April 9, 2013, pursuant to 42 U.S.C. § 1983 ("§ 1983"), and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc ("RLUIPA"), naming as Defendants two employees of New York's Department of Corrections and Community Supervision ("DOCCS"), including Mark L. Bradt ("Bradt"), Superintendent of Attica Correctional Facility ("Attica" or "the correctional facility"), and William Hughes ("Hughes"), Deputy Superintendent of Security at Attica (together, "Defendants"). Plaintiff's amended complaint filed January 29, 2014, (Doc. No. 20) ("Amended Complaint"), is also pursuant to § 1983 and RLUIPA, and against Bradt and Hughes. In particular, Plaintiff alleges that while incarcerated at Attica, his rights to religious freedom under the First Amendment and RLUIPA were violated during Ramadan 2012 when Plaintiff was returned to his cell on unspecified occasions when called to break the religious Ramadan fast, thereby missing meals, Amended Complaint ¶¶ 4-5, 6, 12, 14, 15, and was fed only one hot meal and one cold meal, instead of two hot meals, during Ramadan, *id*. ¶¶ 10. Plaintiff further alleges he was denied meals on 12 to 13 occasions causing Plaintiff to experience extreme hunger, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, *id*. ¶¶ 10-11, and was denied writing instruments and paper necessary to file inmate grievances regarding the alleged violations in violation of the First Amendment right to petition for redress of grievances. *Id*. ¶ 12-13. Plaintiff's claim for relief seeks monetary damages and unspecified injunctive relief. *Id*. at 10. On February 11, 2014, Defendants filed their answer to the Amended Complaint (Doc. No. 22).

[1] The Facts are taken from the pleadings and motion papers filed in this action.

On September 30, 2014, Defendants filed the instant motion for summary judgment (Doc. No. 30) ("Defendants' motion"), and supporting papers including Defendants' Memorandum of Law in Support of Motion for Summary Judgment (Doc. No. 31) ("Defendants' Memorandum"), the Declaration of Mark Bradt (Doc. No. 32) ("Bradt Declaration"), the Declaration of Joseph Chisholm (Doc. No. 33) ("Chisholm Declaration"), the Declaration of William Hughes (Doc. No. 34) ("Hughes Declaration"), the Declaration of Assistant Attorney General ("AAG") Kim S. Murphy (Doc. No. 35) ("Murphy Declaration"), attaching exhibits A through I ("Defendants' Exh(s). __"), and the Statement of Undisputed Facts (Doc. No. 36) ("Defendants' Statement of Facts"). On March 26, 2015, Plaintiff filed Plaintiff's Opposition Motion to Defendant's Motion for Summary Judgment (Doc. No. 43) ("Plaintiff's Opposition"),[2] the Statements [*sic*] of Undisputed Facts (Doc. No. 45) ("Plaintiff's Statement of Facts"), and the Declaration of Jerome Curry (Doc. No. 46) ("Plaintiff's Declaration"). On April 13, 2015, Defendants filed the Declaration of AAG Murphy (Doc. No. 47) ("Murphy Reply Declaration"). On April 23, 2015, Plaintiff filed a Declaration in further opposition to Defendant's motion (Doc. No. 48) ("Plaintiff's Sur-Reply Declaration"). Oral argument was deemed unnecessary.

Based on the following, Defendants' motion is GRANTED.

## **DISCUSSION**

Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) and (b); *Celotex*

[2] Plaintiff's Opposition was also filed as Doc. No. 44.

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). The court is required to construe the evidence in the light most favorable to the non-moving party. *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011). The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322; *see Anderson*, 477 U.S. at 247-48 ("summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). "A fact is material if it 'might affect the outcome of the suit under governing law.'" *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson*, 477 U.S. at 248).

"[T]he evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988)). A defendant is entitled to summary judgment where "'the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on'" an essential element of a claim on which the plaintiff bears the burden of proof. *In re Omnicom Group, Inc., Sec. Litig.*, 597 F.3d 501, 509 (2d Cir. 2010) (quoting *Burke v. Jacoby*, 981 F.2d 1372, 1379 (2d Cir. 1992)). Once a party moving for summary judgment has made a properly supported showing of the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that

would be sufficient to support a jury verdict in its favor. *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995). "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. New York City Dept. of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

In the instant case, Defendants argue in support of summary judgment that the Defendants lack the necessary personal involvement for § 1983 liability on the First and Eighth Amendment claims, Defendants' Memorandum at 3-7, Plaintiff failed to exhaust his administrative remedies related to the claimed denials of meals and hot meals, *id*. at 8-11, Plaintiff's request for injunctive relief should be denied as moot, *id*. at 11-12, Plaintiff's RLUIPA claim for money damages is barred by the doctrine of sovereign immunity, *id*. at 12-13, Plaintiff fails to state any recognizable cause of action, *id*. at 13-19, and Plaintiff's claims are barred by qualified immunity. *Id*. at 19-21. As discussed below, even assuming, *arguendo*, but not finding, that the conduct of which Plaintiff complains states a valid claim under § 1983 or RLUIPA, Defendants are entitled to summary judgment because the record fails to establish the personal involvement of Bradt or Hughes in any of Plaintiff's § 1983 or RLUIPA claims, such that the court need not address Defendants' remaining arguments.

Plaintiff essentially claims Defendants are liable under § 1983 and the RLUIPA because Defendants maintained the policies or customs under which Plaintiff's rights allegedly were violated, were negligent in supervising other DOCCS employees who denied Plaintiff his meals during Ramadan, or failed to take steps to end a continuing violation of Plaintiff's rights. As a prerequisite to relief under both § 1983 and the

RLUIPA, a plaintiff must establish the personal involvement of defendants in the alleged deprivations. *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*." (citing *Al-Jundi v. Estate of Rockfeller*, 885 F.2d 1060, 1065 (2d Cir. 1989))); *Vann v. Fischer*, 2012 WL 2384428, at * 5 (S.D.N.Y. June 21, 2012) ("'Personal involvement is also a prerequisite to a defendant's liability under RLUIPA.'" (quoting *Joseph v. Fischer*, 2009 WL 3321011, at * 18 (S.D.N.Y. Oct. 8, 2009))). Further, personal liability of a supervisory defendant cannot be based "solely on the defendant's supervisory capacity or the fact that he held the highest position of authority within the relevant governmental agency or department." *Houghton v. Cardone*, 295 F.Supp.2d 268, 276 (W.D.N.Y. 203). *See Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) ("The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim."). "'Absent some personal involvement by [the supervisory official] in the allegedly unlawful conduct of his subordinates,' he cannot be liable under section 1983." *Id*. at 144-45 (quoting *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987)). Even an imperfect investigation, without more, does not give rise to a constitutional violation. *Friedman v. New York City Admin. for Children's Services*, 502 Fed.Appx. 23, 27 (2d Cir. Nov. 6, 2012) (citing *Wilkinson v. Russell*, 182 F.3d 89, 106 (2d Cir. 1999)).

> Supervisory liability under § 1983 and the RLUIPA
>
> can be shown in one or more of the following ways: (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who

> committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.

*Hernandez*, 341 F.3d at 145 (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)) ("*Colon* factors").

In the instant case, Plaintiff has made no such showing as to either Defendant.

In particular, it is undisputed that nothing in the record even remotely suggests either Bradt or Hughes directly participated in any of the alleged constitutional or RLUIPA violations as the first *Colon* factor requires. As such, Defendants' personal liability is not established under the first *Colon* factor.

With regard to the second *Colon* factor, Plaintiff claims only that Bradt and Hughes were made aware of the alleged constitutional and RLUIPA violations by the grievances Plaintiff claims to have filed complaining of such violations. It is, however, settled that "proof of 'linkage in the prison chain of command' is insufficient" to establish personal involvement in an alleged violation. *Hernandez*, 341 F.3d at 144 (citing *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985)). Specifically, "'an official's denial of a grievance alleging a constitutional deprivation, without more, does not amount to personal involvement in the deprivation of that right" under both § 1983 and the RLUIPA. *Ramrattan v. Fischer*, 2015 WL 3604242, at * 10 (S.D.N.Y. June 9, 2015) (quoting *Joseph*, 2009 WL 3321011, at * 18). Plaintiff thus has failed to establish Defendants' personal liability under the second *Colon* factor.

In support of the third *Colon* factor, both Bradt and Hughes attribute the coordination of all programming and security for religious celebrations to DOCCS Central Office, which is also involved in ensuring the Ramadan meals comply with religious doctrine and dietary requirements. Bradt Declaration ¶ 4; Hughes Declaration

¶ 4. Significantly, Plaintiff submits nothing challenging these assertions and the personal liability of either Defendant also fails under the third *Colon* factor.

Insofar as the fourth Colon factor requires gross negligence in the supervision of subordinates, there has been no allegation, and thus there can be no determination, that any of Bradt's or Hughes's subordinates violated Plaintiff's constitutional or RLUIPA rights. Significantly, a supervisor cannot be deliberately indifferent to an inmate's rights absent a determination that at least one "subordinate committed an act amounting to a constitutional violation." *Hernandez*, 341 F.3d at 145. In the absence of any determination, much less any evidence, that any other DOCCS employee violated Plaintiff's religious rights under the First Amendment or the RLUIPA, interfered with Plaintiff's First Amendment right to petition for redress of grievances, or denied Plaintiff meals resulting in severe hunger, as Plaintiff alleges, so as to violate Plaintiff's Eighth Amendment protection against cruel and unusual punishment, neither Bradt nor Hughes can be held liable on the fourth *Colon* factor based on negligent supervision of subordinates.

As regards the fifth *Colon* factor requiring Defendants exhibit deliberate indifference to Plaintiff's rights by failing to act on information that the alleged unlawful acts were occurring, similar to the second *Colon* factor, "proof of 'linkage in the prison chain of command' is insufficient" to establish personal involvement in an alleged violation. *Hernandez*, 341 F.3d at 144 (citing *Ayers*, 780 F.2d at 210). Accordingly, the fifth *Colon* factor is not established.

Plaintiff's failure to establish any basis upon which either Bradt or Hughes can be found to have been personally involved in the alleged constitutional or RLUIPA violations requires the dismissal of all claims against them.

**CONCLUSION**

Based on the foregoing, Defendants' motion (Doc. No. 32), is GRANTED. The Clerk of the Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: March 31, 2016
Buffalo, New York